

IN THE SUPERIOR COURT OF GUAM

PEOPLE OF GUAM,

v.

RAYMOND TORRES TEDTAOTAO,

Defendant.

)
)
)
)
)
)
)
)
)
)

CRIMINAL CASE NO. CF0218-13-01

DECISION & ORDER ON
DEFENDANT'S
TRIAL MOTIONS

## I.

## INTRODUCTION

This matter came before the Honorable Maria T. Cenzon for a Jury Trial which commenced on November 4, 2013 and ended with a verdict of guilty on all charges on November 26, 2013. Raymond T. Tedtaotao ("Defendant") was present for all of trial, excepting a review of jury instructions on November 25, 2013, and represented by Attorney Samuel Teker. Assistant Attorneys General Brian Gallagher and David Rivera represented the People of Guam (the "People").

*Several dispositive or significant motions* were made by Defendant during the course of trial: 1) two motions to dismiss for violation of Defendant's Sixth Amendment right to speedy trial; 2) A motion for judgment of acquittal at the close of the People's case in chief which was subsequently renewed at the close of Defendant's case in chief; and 3) a motion to exclude the testimony of Kyle James Cruz as a sanction for the People's failure to disclose exculpatory information. The Court DENIED all three motions from the bench and now memorializes its rulings in this Decision & Order.

//

//

## II.

## FACTUAL AND PROCEDURAL BACKGROUND

Defendant was indicted on May 7, 2013 on one charge of Attempted Murder (as a 1st Degree Felony), one charge of First Degree Robbery (as a 1st Degree Felony), one charge of Aggravated Assault (as a 2nd Degree Felony), and one charge of Burglary (as a 2nd Degree Felony). *See* Indictment (May 7, 2013). Also named in the Indictment were Anthony Paul Mendiola and Kyle James Cruz.

The factual basis for the Indictment was an incident the evening of April 20, 2013 when three individuals entered a residence in Piti, Guam and stole a number of items. During this theft, the occupant of the house, Rebecca Piper ("Victim") was struck and bound with duct tape. When two of Victim's roommates returned to the home, they discovered her unconscious and called 911. Victim later underwent neurosurgery and was transported to California for rehabilitation.

The Court granted the People's motion to sever the three defendants on October 16, 2013, based upon a *Bruton* issue.[1] On October 30, 2013, Kyle Cruz pled guilty to one count of Burglary (as a 2nd Degree Felony). In his plea agreement, Mr. Cruz agreed to testify truthfully against his co-defendants, Anthony Mendiola and Raymond Tedtaotao at their trials. Plea Agreement ¶ 5c (Oct. 31, 2013).

Trial for Raymond Tedtaotao was scheduled before Anthony Mendiola's trial and began on November 4, 2013. After submission of all the evidence and closing arguments on November 25, 2013, the jury returned a guilty verdict on all charges on November 27, 2013.

---

[1] *Bruton v. U.S.*, 391 US 123 (1968) held that admission of a defendant's confession, implicating another co-defendant, when the confessing defendant did not take the witness stand, violated the Confrontation Clause of the Sixth Amendment.

# III.

## LAW AND ANALYSIS

### A. Motions to Dismiss for Violation of Sixth Amendment Right to Speedy Trial

At the close of the Victim's testimony on November 7, 2014, Defendant moved to dismiss for a violation of his speedy trial rights under the Sixth Amendment. The motion was based upon a 90-day delay in commencing trial due to the unavailability of the Victim who the People stated was an essential witness, although at trial she testified that she could not recall the events of that night. Minute Sheet at 11:10:07 (Nov. 7, 2013). Defendant repeated his motion to dismiss on November 22, 2013 based upon the delay caused by the Court granting the People's motion to sever the three defendants named in the Indictment. Minute Sheet at 10:44:31-10:45:18 (Nov. 22. 2013). As the "substance of the speedy trial right is defined only through an analysis of the peculiar facts and circumstances of each case" (*People v. Flores*, 2009 Guam 22 ¶ 41), the Court will address both of Defendant's reasons for dismissal under the *constitutional*[2] speedy trial right in totality.

The Sixth Amendment of the United States Constitution guarantees that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial...." U.S. Const. amend. VI. To determine if the constitutional right to a speedy trial has been violated, the United States Supreme Court developed a four-part balancing test in *Barker v. Wingo* (407 US 514 (1972)), which has been applied by the Guam Supreme Court in *Flores* and *People v. Mendiola*, 1998 Guam 8. The *Barker* test considers the following four factors: "(1) the length

---

[2] Guam also has a *statutory* speedy trial right codified at 8 GCA § 80.60 which, in Defendant's case, provides that a criminal action shall be dismissed if the trial of a defendant in custody at the time of his arraignment has not commenced within 45 days, unless good cause is shown for failing to commence trial therein. Defendant's motions to dismiss were not based upon the statutory speedy trial right and are not addressed in this Decision and Order.

of the delay; (2) the reason for the delay; (3) the defendant's assertion of his right to a speedy trial; and (4) the presence or absence of prejudice resulting from the delay." *Flores* ¶ 42 (citing *Barker* at 530). Of these four factors, the first factor serves as a threshold inquiry, as "*Barker* held that length of the delay serves to trigger the analysis," and "[u]ntil there is some delay that is presumptively prejudicial, there is no necessity for inquiry into the other factors that go into the balance." *Mendiola* ¶ 24 (citing *Barker* at 530-531)(emphasis added).

In the instant case, Defendant was arrested and brought before a magistrate judge on April 27, 2013, indicted on May 7, 2013, and Defendant's trial began on November 4, 2013. The elapsed time from arrest to trial was 191 days or 6 months and 8 days.

Defendant has not met his burden of showing the interval between accusation and trial has crossed the threshold dividing ordinary from "presumptively prejudicial" delay." *Doggett v. U.S.*, 505 US 647 (quoting *Barker* at 530-531). The Court does not find that 191 days from arrest to trial is beyond the ordinary amount of delay in a criminal matter considering that the indictment charged three First Degree Felonies and two Second Degree Felonies and, for 172 days of that period, the criminal matter had three defendants joined. As *Doggett* noted, "[d]epending on the nature of the charges, the lower courts have generally found postaccusation delay "presumptively prejudicial" at least as it approaches one year." *Doggett* at 652, fn. 1 (citing W. LaFave & J. Israel, Criminal Procedure § 18.2, p. 405 (1984); Joseph, Speedy Trial Rights in Application, 48 Ford.L.Rev. 611, 623, n. 71 (1980) (cases omitted)).

By way of illustration, this Court is currently bound by Administrative Rule No. 13-003 (May 13, 2013), which aspires to conclude 75% of criminal felony cases within 9 months and 98% within 12 months. Defendant's adjudication in this matter was not only far from "presumptively prejudicial" and triggering Sixth Amendment speedy trial analysis, it was also

well within the "ordinary amount of delay" envisioned by *Doggett* as measured by its aspirational time standards. The Court therefore, need not engage in the question of Sixth Amendment constitutional analysis when, on its face, the claim fails to meet the threshold inquiry.

## B. Motions for Judgment of Acquittal

*The People rested their case on November 21, 2013* (*see* Minute Sheet at 3:31:59) after presenting the testimony of Kyle Cruz. At the resumption of trial on November 22, 2013, and before Defendant presented his case in chief, Defendant moved for a judgment of acquittal under 8 GCA § 100.10. Minute Sheet at 9:46:24 (Nov. 22, 2013). The motion for judgment of acquittal was presented with (and substantively contingent upon) a concurrent motion to strike the testimony of Kyle Cruz.[3] The Court took oral argument on both motions and reserved ruling. Later that afternoon, at the close of the Defense case-in-chief, Defendant again renewed his motion for a judgment of acquittal. *Id.* at 2:36:53. Before addressing the renewed motion for judgment of acquittal, the Court denied Defendant's motion from that morning to exclude the testimony of Kyle Cruz. With the inclusion of Mr. Cruz's testimony, the Court found that sufficient evidence had been presented to the jury as to each of the essential elements of the charged crimes and denied both of Defendant's motions for a judgment of acquittal.

A motion for judgment of acquittal should be granted "if the evidence is insufficient to sustain a conviction of such offense or offenses." 9 GCA § 100.10 (2005). Under Guam law, [t]he trial court determines whether a motion for judgment of acquittal should be granted by applying the same test used when the sufficiency of the evidence is challenged." *People v.*

---

[3] The denial of the motion to strike the testimony of Kyle Cruz is discussed separately in section III.C. of this Decision & Order *infra*. The Court's consideration of Defendant's motions for judgment of acquittal discussed in this section was informed by its denial of Defendant's motion to strike Kyle Cruz's testimony.

*Diego*, 2013 Guam 15 ¶ 30 (citing *People v. George*, 2012 Guam 22 ¶ 49)(citing *People v. Chin Song*, 2012 Guam 12 ¶ 27). When ruling on a motion for judgment of acquittal, a court is only "concerned with the existence or nonexistence of evidence, not its weight." *Chin Song* ¶ 29 (citing *State v. Weston*, 625 S.E.2d 641, 648 (S.C. 2006)).

The People's key evidence in this case came from Defendant's former co-defendant, Kyle Cruz. Kyle Cruz's testimony over two days provided the evidence that linked Defendant to the time and place of the alleged crimes. Kyle testified he received a phone call from Anthony Mendiola to go on a "mission" i.e. a robbery. Minute Sheet at 11:33:19 (Nov. 20, 2013). Mr. Cruz testified he went to their agreed upon meeting point and got into a green Nissan Pathfinder driven by the Defendant with Mr. Mendiola in the passenger seat. *Id.* at 11:38:06-11:40:22. The jury viewed surveillance footage taken from the Sinajana Mobil gas station (Trial Exhibit 114) which showed Mr. Cruz, Mr. Mendiola, and Defendant were together in a green Pathfinder the night of the alleged events. Mr. Cruz then testified that all three went to a house in Nimitz Hill and knocked on the door. When the Victim answered the door, Mr. Cruz testified that Defendant tackled her, asked where the money was, and struck her on the head with an airsoft pistol. *Id.* at 3:02:59-3:08:17. Mr. Cruz then testified that when the three of them left the residence, the victim was unconscious and duct-taped at the mouth, wrists, and ankles. *Id.* at 4:00:34-4:02:21.

Based upon Mr. Cruz's testimony and identification of Defendant, the jury was provided with sufficient evidence to make a finding that Defendant was actually the person charged in the Indictment. Mr. Cruz's testimony also provided evidence that Defendant intended to commit a robbery, entered a habitable property with the intent to commit theft, and that Defendant struck and duct taped the Victim's mouth, legs, and arms, leaving her in that condition when they fled

the premises. Mr. Cruz also provided evidence that a theft actually occurred when he testified that the three of them took various items from the Victim's residence, including a cell phone, camera, duffle bag filled with clothing, and two laptop computers.

The Court finds that Mr. Cruz was competent to testify to these matters as his Plea Agreement (Trial Exhibit 115) established him as a witness with personal knowledge of the matter under *Guam Rules of Evidence* ("GRE") 602 ("A witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter.") and Mr. Cruz's testimony was clearly relevant evidence under GRE 401 not meeting the criteria for exclusion under GRE 403 ("evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or by considerations of undue delay").

The state of the evidence given Mr. Cruz's testimony was sufficient for the jury to find that Defendant committed Burglary (as a 2nd Degree Felony) by entering the Victim's home with the intent to commit theft and was instrumental in the theft of several items from the Victim's home. Evidence of the actual commission of the theft, *in conjunction with evidence* that Defendant used force against the Victim by tackling her and striking her on the head with an airsoft gun is sufficient for a jury to find Defendant guilty of a robbery. Mr. Cruz's testimony on Defendant's use of force, in conjunction with earlier testimony from the Victim and the doctors who treated her as to the seriousness of the injuries she suffered from

//

//

//

//

Defendant's use of force, was sufficient to bring the charges of Attempted Murder and Aggravated Assault before the jury, as well as the charge of First Degree Robbery.[4]

As stated earlier, the Court can only be concerned with "existence or nonexistence of evidence, not its weight." *Chin Song* ¶ 29. That evidence relating to each and every element of the crimes charged in the Indictment was presented is clear.[5] To determine the credibility of *Mr. Cruz's testimony or to infer the state of mind of Defendant is beyond the purview of the* Court in a criminal jury trial. It is the jury which must fulfill "the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Chin* ¶ 18 (citing *People v. Jesus*, 2009 Guam 2 ¶ 60 (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979))).

It was the jury's weighing of all the evidence presented in this case which resulted in a guilty verdict of Attempted Murder (as a 1st Degree Felony), First Degree Robbery (as a 1st Degree Felony), Aggravated Assault (as a 2nd Degree Felony), and Burglary (as a 2nd Degree Felony). Defendant did not move for a judgment of acquittal under 8 GCA § 100.30 after the jury's verdict was read.

**C. Motion to Exclude Testimony of Kyle Cruz**

Concurrent with Defendant's motion for judgment of acquittal after the People rested their case in chief, was a motion to strike the testimony of Kyle Cruz based upon the People's

---

[4] As required by Guam law in *Angoco v. Bitanga*, 2001 Guam 17, the Court provided the jury with instructions on the lesser-included offense of Second Degree Robbery to First Degree Robbery and the lesser-included offenses of Aggravated Assault (as a 2nd Degree Felony) and Assault (as a Misdemeanor) to Aggravated Assault (as a 2nd Degree Felony). *See also* 8 GCA § 105.58 for the definition of an "included offense".

[5] Assuming *arguendo* the Court had granted Defendant's motion to exclude the testimony of KJC, discussed *infra*, there might have been a reasonable basis for granting the motion for judgment of acquittal as it was Mr. Cruz's testimony that placed Defendant at the scene of the alleged crime and established Defendant as the source of Victim's injuries.

failure to provide discovery and to disclose exculpatory *Brady* material. Minute Sheet at 9:49:43 (Nov. 22).

Defendant alleges the People should have immediately informed him when Mr. Cruz retracted part of his earlier written statement. On October 23, 2013, Mr. Cruz retracted his earlier written statement that when he told Defendant he didn't want to join in the robbery, Defendant "popped" a gun and told him "you are." *Id.* at 10:12:41. Assistant Attorney General David Rivera stated that, based upon his recollection, he became aware of this retraction during witness preparation on November 15, 2013. *Id.* at 10:15:49. No written discovery was provided to this effect, nor was Defendant notified in any way. Defendant became aware of the retraction during cross examination of Mr. Cruz, when Mr. Cruz admitted that the written statement was false and he had retracted it. Defendant sought the exclusion of all of Mr. Cruz's testimony as a sanction for the People's failure to disclose this retraction once they became aware of it.

After reserving ruling on the motion to exclude, the Court denied the motion that afternoon as the retraction did not go to any of the factual elements of the charges against Defendant[6] and declined to impose any exclusionary sanction. *Id.* at 2:44:26. However, the Court admonished the People that it is not within their purview to determine what information is exculpatory nor are they obligated to only turn over exculpatory information which exists in the form a written report. While disclosure of the retraction occurred very late and during trial, the Court noted it occurred during Defendant's cross-examination of Mr. Cruz. Furthemore, Mr. Cruz was also listed on Defendant's witness list and Defendant was free to call him on the

---

[6] Therefore consideration of Mr. Cruz's exculpatory statement would have not had any effect on this Court's review of Defendant's motions for judgment of acquittal discussed in section III.B. of this Decision & Order *supra.*

stand, further question Mr. Cruz in front of the jury, and further attack his credibility, bias, and truthfulness.[7]

As the comment to 8 GCA § 70.45 states, "it seems better policy for the court to 'apply sanctions which affect the evidence at trial and the merits of the case as little as little'." *People v. Tuncap*, 1998 Guam 13 ¶ 23. Exclusion of Mr. Cruz's entire testimony would have been an extreme sanction in light of the *Sarcinelli* factors cited in *Tuncap*: 1) reasons why the disclosure was not made; 2) the extent of the prejudice, if any, to the opposing party; 3) the feasibility of rectifying that prejudice by a continuance, and 4) any other relevant circumstances. *Tuncap* ¶ 25 (citing *U.S. v. Sarcinelli*, 667 F.2d 5, 7 (5th Cir. 1982)). Exclusion is not warranted here, where applying the *Sarcinelli* factors: 1) the People state their disclosure was inadvertent and based upon a mistaken belief that the retraction was neutral; 2) the prejudice was minimal when the retraction was discovered during and reinforced by Defendant's cross examination of Mr. Cruz; 3) Defendant did not ask for a continuance in this matter in order to prepare his case in chief based upon the newly discovered information; and 4) Defendant did not avail himself of the opportunity to call Mr. Cruz in his case in chief in an attempt to impeach him.

//

//

//

//

//

//

//

---

[7] At the time of ruling, Defendant had closed his case in chief without calling Mr. Cruz as a witness.

## IV.

## CONCLUSION

For the reasons discussed above, the Defendant's motions to dismiss based upon the Sixth Amendment right to speedy trial are DENIED; Defendant's motions for judgment of acquittal are DENIED and; Defendant's motion to exclude the testimony of Kyle Cruz is DENIED.

A Restitution Hearing in this matter is scheduled for August 4, 2014 at 2 PM.

SO ORDERED this **JUN 1 9 2014** day of June, 2014.

**HONORABLE MARIA T. CENZON**
**Judge, Superior Court of Guam**

SERVICE VIA COURT BOX
I acknowledge that a copy of the original hereto was placed in the court box of:

Date: 1.19.1   Time: 2:00P

Deputy Clerk, Superior Court of Guam